Maldonado Esteban v. Bondi

BIA
Counihan, IJ
A220 970 275

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of July, two thousand twenty-five.

PRESENT:
> JON O. NEWMAN,
> WILLIAM J. NARDINI,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

_____

FRANCISCO MALDONADO ESTEBAN,
> *Petitioner,*

v.

PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

24-150
NAC

_____

FOR PETITIONER:        Estelle M. McKee; Peter Burke, Anna
                       Temchenko, Student Advocates, Cornell Law

School, Asylum and Convention Against Torture Appellate Clinic, Ithaca, NY; John Peng, Prisoners' Legal Services of New York, Albany, NY; Jillian Nowak, Prisoners' Legal Services of New York, Buffalo, NY.

FOR RESPONDENT: Brian Boynton, Principal Deputy Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Timothy G. Hayes, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Francisco Maldonado Esteban ("Maldonado"), a native and citizen of Mexico, seeks review of a December 18, 2023, decision of the BIA affirming a July 10, 2023, decision of an Immigration Judge ("IJ") denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Francisco Maldonado Esteban*, No. A 220 970 275 (B.I.A. Dec. 18, 2023), *aff'g* No. A 220 970 275 (Immigr. Ct. Batavia July 10, 2023). We assume the parties' familiarity with the underlying facts and procedural history.

We have considered the IJ's decision as modified and supplemented by the BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan*

2

*Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).   We review factual findings for substantial evidence and questions of law and application of law to fact de novo. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).   "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."   8 U.S.C. § 1252(b)(4)(B).

## I.   Withholding of Removal

A person convicted of a particularly serious crime is ineligible for withholding of removal under both the Immigration and Nationality Act, 8 U.S.C. § 1231(b)(3)(B), and the CAT, 8 C.F.R. § 1208.16(c)(4).   "[A]n aggravated felony (or felonies) for which the alien has been sentenced to an aggregate term of imprisonment of at least 5 years" is per se particularly serious.   8 U.S.C. § 1231(b)(3)(B).   If a crime is not per se particularly serious, the agency conducts a "two-step analysis"; first it "considers whether the elements of the offense 'potentially bring the crime into a category of particularly serious crimes,'" and if they do, the agency may consider "all reliable information . . . including the conviction records and sentencing information."   *Ojo v. Garland*, 25 F.4th 152, 165 (2d Cir. 2022) (quoting *In re N-A-M-*, 24 I. & N. Dec. 336, 342 (B.I.A. 2007)); *see also Nethagani v. Mukasey*, 532 F.3d 150, 155 (2d Cir. 2008).   Thus, "once the elements

3

of the offense are examined and found to potentially bring the offense within the ambit of a particularly serious crime," agency precedent permits the agency to "examine the nature of the conviction, the type of sentence imposed, and the circumstances and underlying facts of the conviction." *In re N-A-M-*, 24 I. & N. Dec. at 342.

The agency found that Maldonado's 2022 conviction for third-degree rape under New York Penal Law ("NYPL") § 130.25(2) is a particularly serious crime barring withholding of removal. Maldonado's primary argument is that the agency was required to use the categorical approach in determining whether his conviction was particularly serious, and may not consider the circumstances surrounding the offense underlying the conviction, as permitted by *In re N-A-M-*. This argument is unexhausted because he did not raise it on appeal to the BIA. "To preserve an issue for judicial review, the petitioner must first raise it with specificity before the BIA." *Punin v. Garland*, 108 F.4th 114, 124 (2d Cir. 2024) (quotation marks omitted). Before the BIA, he argued that the IJ misapplied *In re N-A-M-*, whereas here he asks us to overrule *N-A-M-*; these arguments are not the same. Accordingly, we do not address his argument that the particularly serious crime determination allows only a categorical analysis. *Id.* ("[W]hen an argument

4

made to this Court cannot be closely matched up with a specific argument made to the BIA, it has not been properly exhausted and we cannot hear it.").

We find no error in the agency's conclusion that Maldonado's 2022 conviction is a particularly serious crime under the *N-A-M-* framework. The IJ reasonably determined that the elements of NYPL § 130.25(2) render it potentially particularly serious as a conviction requires that an adult age 21 or more have sexual intercourse with a child under age 17. *See Lopez Lopez v. Garland*, No. 22-6206, 2024 WL 1881067, at *2 (2d Cir. Apr. 30, 2024) (summary order) (finding that elements of NYPL § 130.30(1), which requires an adult 18 or older engage in sexual intercourse with someone 15 or younger brought the offense "within the ambit of a particularly serious crime").

Next, the agency reasonably determined that the nature of the conviction was particularly serious because it involved an adult having sexual intercourse with a young victim. In reviewing the facts and circumstances underlying the conviction, the agency reasonably considered that the victim was Maldonado's own daughter. While Maldonado argues that there is insufficient evidence of the facts underlying his conviction, because the "evidence indicate[d] that" the particularly serious crime bar applies, he had the "burden of proving by a

preponderance of the evidence" that the bar "d[id] not apply." 8 C.F.R. § 1240.8(d). He did not meet that burden given his guilty plea and the absence of evidence from the victim or her mother (Maldonado's wife) to confirm his allegation that he was falsely accused. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157–58 (2d Cir. 2008) ("[W]hen a petitioner bears the burden of proof, his failure to adduce evidence can itself contribute the 'substantial evidence' necessary to support the agency's challenged decision."); *see also Garland v. Ming Dai*, 593 U.S. 357, 366 (2021) (holding that "the agency, like any reasonable factfinder, is free to credit part of a witness' testimony without necessarily accepting it all" (brackets and quotation marks omitted)). Finally, the IJ reasonably found that Maldonado's sentence of one-and-a-half-years imprisonment showed the seriousness of the offense. *See Nethagani*, 532 F.3d at 155 (agreeing with particularly serious crime determination where petitioner was sentenced to several months in prison and five years of probation).

## II. CAT Relief

Although withholding of removal under the CAT is barred by the particularly serious crime determination, Maldonado remains eligible for deferral of removal under the CAT. 8 C.F.R. §§ 1208.16(c)(4), 1208.17(a). To obtain CAT

relief, an applicant must show both that it is "more likely than not" that he will be tortured, and that a government actor will inflict, instigate, or acquiesce in that torture. 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1); *see also Garcia-Aranda v. Garland*, 53 F.4th 752, 758–59 (2d Cir. 2022). "Torture is an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or degrading treatment or punishment that do not amount to torture." 8 C.F.R. § 1208.18(a)(2).

Substantial evidence supports the agency's determination that Maldonado failed to establish that he will more likely than not be tortured in Mexico. "[W]here the evidence . . . plausibly establishes that abusive or squalid conditions in pretrial detention facilities, prisons, or mental health institutions in the country of removal are the result of neglect, a lack of resources, or insufficient training and education, rather than a specific intent to cause severe pain and suffering" an applicant has not established eligibility for CAT relief. *In re J–R–G–P–*, 27 I. & N. Dec. 482, 485 (B.I.A. 2018); *see also Pierre v. Gonzales*, 502 F.3d 109, 121 (2d Cir. 2007) ("The failure to maintain standards of diet, hygiene, and living space in prison does not constitute torture under the CAT unless the deficits are sufficiently extreme and are inflicted intentionally rather than as a result of poverty, neglect,

7

or incompetence."). The record reflects severe problems and poor conditions in institutions in Mexico housing people with physical and mental disabilities. But there is also some evidence that those conditions are not created with the intent to torture: interviews with staff indicated that conditions were unhygienic because cleaning supplies were routinely stolen, and that certain methods (prolonged restraints, isolation rooms, and exercises such as tying patients to treadmills to force them to walk) were employed to help patients detox from drugs, prevent self-harm, and as a form of physical therapy, thus reflecting a lack of training on proper treatment methods as opposed to intentional torture. *See* Cert. Admin. R. ("CAR") at 501-02, 530-39. Maldonado points to evidence that physical and sexual abuse are common, but the documented cases of rape and sterilization occurred at female-only institutions, and the examples of extreme methods of lengthy isolation were used with children or patients who were violent or hallucinating; these patients are not similarly situated to Maldonado because his disabilities consist of mobility issues—he uses a wheel chair or walker—and memory loss, not serious mental illness or violent tendencies. In sum, the record contains insufficient evidence to compel a conclusion that patients similarly situated to Maldonado are intentionally tortured by authorities rather than

suffering mistreatment due to a lack of resources, training, and knowledge of more humane and effective treatment methods. *See Quintanilla-Mejia v. Garland*, 3 F.4th 569, 593–94 (2d Cir. 2021) ("[S]ubstantial evidence review does not contemplate any judicial reweighing of evidence. Rather, it requires us to ask only whether record evidence compelled a[] . . . finding different from that reached by the agency.").

Lastly, "we presume that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise." *Xiao Ji Chen v. U.S. Dep't of Just.*, 471 F.3d 315, 336 n.17 (2d Cir. 2006); *see also Jian Hui Shao*, 546 F.3d at 169 ("[W]e do not demand that the [agency] expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner." (quotation marks omitted)). Here, the IJ noted what evidence he was considering, including the report from Disability Rights International that Maldonado relies on heavily, but concluded that Maldonado failed to meet his burden of establishing that abuses in institutions for disabled people was intentional and not caused by a lack of resources. *See* CAR at 102-05.

9

For the foregoing reasons, the petition for review is DENIED. All pending

motions and applications are DENIED and stays VACATED.

> FOR THE COURT:
> Catherine O'Hagan Wolfe,
> Clerk of Court

10